UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEREK REED**,            Case No. 14-cv-14842
                                              Hon. JUDITH E. LEVY

                 Plaintiff,

v.

**GFI HOLDINGS, LLC**,
an Illinois limited liability company,
and **JOHN GUZZARDO,**

                 Defendants.

---

**GOLD STAR LAW, P.C.**
**Armin Halilovic (P78042)**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*ahalilovic@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, Derek Reed, through his undersigned attorneys, respectfully moves this Court to enter default judgment against Defendants GFI Holdings, LLC and John Guzzardo pursuant to F. R. Civ. P. 55(b)(2). In support of his motion,

Plaintiff relies upon the attached Brief in Support of Default Judgment and upon the pleadings on file with this Court.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment in its entirety and award Plaintiff his costs and fees incurred herein.

                                              Respectfully submitted,

                                              **GOLD STAR LAW, P.C.**

                                              */s/Armin Halilovic*
                                              **Armin Halilovic (P78042)**
                                              **Caitlin E. Malhiot (P76606)**
                                              **David A. Hardesty (P38609)**
                                              Attorneys for Plaintiff
                                              2701 Troy Center Drive, Ste. 400
                                              Troy, Michigan 48084
                                              (248) 275-5200

Dated: January 20, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEREK REED**,                       Case No. 14-cv-14842
                                          Hon. JUDITH E. LEVY

               Plaintiff,

v.

**GFI HOLDINGS, LLC**,
an Illinois limited liability company,
and **JOHN GUZZARDO,**

               Defendants.

---

**GOLD STAR LAW, P.C.**
**Armin Halilovic (P78042)**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*ahalilovic@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

**BRIEF IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

**I.   INTRODUCTION**

Plaintiff Derek Reed ("Reed") commenced this action on December 22, 2014. [*Dkt. No. 1, Complaint*]. Plaintiff's complaint alleged that Defendants GFI

Holdings, LLC ("GFI") and John Guzzardo ("Guzzardo") violated the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201, *et seq.*, and the Whistleblowers' Protection Act ("WPA"), MCL § 15.361.  Plaintiff alleges that Defendants failed to pay him for overtime hours, or one and one-half (1 ½) times Plaintiff's regular hourly rate, for hours worked in excess of forty (40) per week, and for retaliatory discharge after Plaintiff threatened to report wage violations and misclassification as an independent contractor.

Plaintiff served the complaint and summons on Defendants on December 23, 2014.  [*Dkt. No. 4, Summ. and Compl. Rtrn.*].  Defendants failed to timely appear and have not entered any appearance in this case or otherwise responded to the complaint.  The clerk entered Defendants' default on January 16, 2015.  [*Dkt. No. 6; Dkt. No. 7*].  To date, Defendants have not attempted to remedy the default.

## II.   STANDARD OF REVIEW

"A defendant must serve an answer within 21 days after being served with the summons and complaint . . ." *F. R. Civ. P. 12 (a)(1)(A)(i)*.  "[T]he clerk must enter" a default if the defendant fails to enter an appearance or otherwise respond to the complaint. *F. R. Civ. P. 55(a)*.  Upon the clerk's entry of default, the plaintiff may seek an entry of default judgment against the defendant by the court. *F. R. Civ. P. 55(b)(2)*.

"When a defendant is in default, the well-pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)). By failing to respond to the complaint, the defendant "is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Juana's Packing Co., LLC v. Federal Bakers USA, LLC*, 2010 U.S. Dist. Lexis 4677, 3 (W.D. Mich. 2010) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir.1995)) [*Ex. 1*]. Lastly, if the allegations in the complaint are "sufficient to support a finding of liability as to each defendant . . . the Court should enter judgment." *Ford Motor Co.*, 441 F. Supp at 848.

### III. THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH DEFENDANTS' LIABILITY

Pursuant to the FLSA, an employer must compensate an employee for all hours worked and at one and one-half times (1 ½) the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a week. *29 U.S.C. § 207(a)(1)*. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. *29 U.S.C. § 216(b)*.

3

Defendants employed Plaintiff Reed from sometime in 2007 to September 26, 2014. [*Dkt. No. 1, Complaint ¶ 8*]. Plaintiff regularly worked in excess of forty (40) hours throughout his employment with Defendants. [*Id. ¶¶ 11-13*]. All of the hours that Plaintiff worked, including overtime hours, were worked at the direction and with the sufferance of Defendants. [*Id. ¶ 26*]. Defendants, however, did not compensate Plaintiff one and one-half (1 ½) times their regular hourly rate for all hours worked in excess of forty (40) per week, but at his regular hourly rate for all hours worked. [*Id. ¶ 15*]. Therefore, Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff an overtime premium.

Pursuant to the FLSA, an employer may not terminate an employee for reason that they report, or are about to report, a violation under the FSLA. *29 USC § 215(a)(3)*. Plaintiff engaged in a protected activity when he complained to Defendants regarding his misclassification as an independent contractor, and when he threatened Defendants that he would report them to the Department of Labor ("DOL") and Internal Revenue Services ("IRS"). [*Dkt. No. 1, Complaint ¶¶ 28-29*]. Therefore, Defendants violated the FSLA when Defendants terminated Plaintiff for the reason that Plaintiff threatened to report wage, hour, and employee misclassification to the DOL and IRS. [*Id. ¶¶ 30-32*].

Pursuant to the WPA, an employer may not terminate an employee for reason that they report, or are about to report, a violation of state or federal law.

4

*MCL § 15.362.3.* Plaintiff engaged in a protected activity when he complained to Defendants regarding his misclassification as an independent contractor, and when he threatened Defendants that he would report them to the DOL and IRS. [*Dkt. No. 1, Complaint ¶¶ 28-29*]. Therefore, Defendants violated the WPA when Defendants terminated Plaintiff for the reason that Plaintiff threatened to report unpaid overtime and employee misclassification to the DOL and IRS. [*Id. ¶¶ 30-32*].

Furthermore, Defendant Guzzardo is an "employer" as defined by the FLSA. Employers are broadly defined in the FLSA as ". . . any person acting directly or indirectly in the interest of an employer in relation to an employee." *29 U.S.C. § 203(d).* An individual is an employer under the FLSA if the individual "has a significant ownership interest in [a business], controls significant functions of the business, and determines salaries and makes hiring decisions." *US Dept. of Labor v. Cole Enterprises, Inc.,* 62 F. 3d 775, 778 (6th Cir. 1995). Guzzardo is the resident agent of GFI, is a member and manager of GFI, and is responsible for managing GFI's day-to-day operations and setting GFI's compensation policies. [*Dkt. No. 1, Compl. ¶ 7*]. Accordingly, Guzzardo is an employer as defined by the FLSA and is personally liable to Plaintiff for the FLSA violations.

Lastly, Defendants did not act in good faith because their refusal to properly compensate Plaintiff was willful. [*Id. ¶ 27*]. Defendants are therefore required to

5

pay liquidated damages. *See* 29 U.S.C. § 260 ("... if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith ... the court may, in its sound discretion, award no liquidated damages. ..").

## IV. CONCLUSION

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and based on the facts deemed admitted in this case by Defendants' failure to answer or otherwise defend, and those made known to the Court by affidavit or otherwise, Plaintiff respectfully requests that this Court enter default judgment for Plaintiff and against Defendants, jointly and severally, and to schedule a hearing to determine damages.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  */s/ Armin Halilovic*
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
**Armin Halilovic (P78042)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200

Dated: January 20, 2015

6

## **PROOF OF SERVICE**

The undersigned swears that on January 20, 2015, he served a copy of ***Plaintiff's Motion for Default Judgment and Brief in Support of Plaintiff's Motion for Default Judgment*** on the Defendants by placing said documents in an envelope addressed to:

GFI Holdings, LLC
℅ John Guzzardo
1300 Woodward Heights
Ferndale, MI 48220

and depositing the same in a United States Mail Receptacle with postage fully pre-paid thereon.

                                           */s/ James Tantalo*
                                           James Tantalo
                                           **GOLD STAR LAW, P.C.**