UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEREK REED**,

      Plaintiff,

v.

**GFI HOLDINGS, LLC**,
an Illinois limited liability company,
and **JOHN GUZZARDO,**

      Defendants.

Case No. 14-cv-14842
Hon. Judith E. Levy

---

**GOLD STAR LAW, P.C.**
**Armin Halilovic (P78042)**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*ahalilovic@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DAMAGES

### I. INTRODUCTION

Plaintiff Derek Reed ("Plaintiff" or "Reed") commenced this action on December 22, 2014. [*Dkt. No. 1*]. Defendants failed to timely appear and have not entered any appearance in this case or otherwise responded to the complaint. The clerk entered Defendants' default on January 16, 2015 [*Dkt. No. 6; Dkt. No. 7*], and

Plaintiff subsequently filed a Motion for Default Judgment. [*Dkt. No. 8*]. To date, Defendants have not attempted to remedy the default. Plaintiff now offers his brief regarding damages.

## II. ARGUMENT

### A. OVERTIME HOURS

The FLSA mandates that an employee be paid 1 ½ times his "regular rate" for all hours worked in excess of 40 per week. *29 USC 207(a)(2)*. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. *29 USC § 216(b)*.

The FLSA mandates that employers keep and maintain records of the hours worked by employees. *29 U.S.C. 211(c)*. Where the employer has failed to keep proper and accurate records, the employee is only required to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Unless the employer responds with evidence of the "precise" number of hours worked or with evidence to "negative the reasonableness of the inference to be drawn" from the employee's evidence, the court may award damages based on the "approximate" numbers. *Id*.

Plaintiff testifies in the form of an affidavit as to his just and reasonable inference of the approximate number of hours worked. Reed estimates that from approximately 2009 to September 2013, he worked an average of 58 hours per week. [*Ex. 1, Reed Affid. ¶ 4*]. Reed estimates that from September 2013 to September 26, 2014, he worked an average of 46 hours per week. [*Id. ¶ 5*]. The number of hours that Reed worked increased significantly during holiday seasons. [*Id. ¶ 6*]. On average, Reed worked approximately 75 to 80 hours per week during the two weeks preceding Christmas, Mother's Day, Valentine's Day, and Sweetest Day. On average, Reed worked approximately 65 to 70 hours per week during the week preceding Thanksgiving and Easter. [*Id.*]. On average, Reed worked approximately five hours in addition to his regularly scheduled hours during Boss' Day and Secretaries Day. [*Id.*].

Although the FLSA generally has a two year statute of limitations, the statute of limitations increases to three years if the employer's violation was willful. *29 USC §255(a)*. Here, Plaintiff testified that he notified Defendants that he was improperly classified as an independent contractor. [*Ex. 1, Reed Affid. ¶ 8*]. Despite Plaintiff's complaints, Defendants failed to reclassify Plaintiff as an employee and failed to pay Plaintiff overtime. Defendants' disregard of Plaintiff's complaints indicates that Defendants' conduct was willful. As a result, the three year statute of limitations should apply in this case.

Based on Reed's testimony, Reed worked a total of 2,565.5 overtime hours during the three years preceding the filing of this complaint. Reed's regular hourly rate was at all times $10.00 per hour. [*Ex. 1, Reed Affid. ¶ 3*]. Reed was paid straight time for all hours worked, for a total of $25,655.00. However, Reed should have been paid $38,482.50. [*Ex. 2, Overtime Damage Calculations*]. The difference between what Reed was paid, and what he should have been paid, is $12,827.50. Thus, Reed's actual overtime damages amount to $12,827.50.

As previously stated, the FLSA also mandates liquidated damages, "…unless the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith…" *29 USC § 260*. Defendants are clearly unable to make this showing given that they have not even answered the Complaint. Plaintiff's overtime damages are therefore $25,655.00. [*Ex. 2, Overtime Damage Calculations*]. Plaintiff submits that this is the most just and reasonable estimate of his overtime damages.

**B. RETALIATION**

Pursuant to the FLSA and the Michigan Whistleblower Protection Act ("WPA"), an employer may not terminate an employee because they report, or are about to report, a violation of the law. *29 USC § 215(a)(3); MCL § 15.362*. Reed engaged in a protected activity on September 25, 2014, when he complained to Defendants regarding his misclassification as an independent contractor, and when

he threatened Defendants that he would report them to the Department of Labor ("DOL") and Internal Revenue Services ("IRS").  [*Ex. 1, Reed Affid. ¶¶ 9-10*].  On or about September 26, 2014, Defendants terminated Reed's employment.

Defendants are liable to Plaintiff for his loss of earnings and liquidated damages in an amount equal to Plaintiff's loss of earnings.  *29 USC § 216*.  Plaintiff earned an average of $460.00 per week towards the end of his employment with Defendants.  [*Ex. 1, Reed Affid. ¶ 12*].  Plaintiff has been unable to obtain other employment comparable to his position with Defendants, and has been earning approximately $100.00 per week through part-time employment since his termination.  [*Id. ¶ 13*].  To date, Plaintiff's retaliation damages are $10,440.00.  Based on Plaintiff's recent job searching experience, however, it is reasonable to assume that it will take him approximately until April 2016 to find substitute employment that is comparable to his employment with Defendants.  Assuming that Plaintiff will not find substitute employment until April 2016, Plaintiff's actual retaliation damages arebe $29,160.00.  With liquidated damages, Plaintiff's damages will be $58,320.00.  [*Ex. 3, Retaliation Damage Calculations*]

### III.  CONCLUSION

Based on his undisputed testimony, Reed requests that this Court determine that Reed's total damages arising out of Defendants' unlawful conduct are $83,975.00.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  /s/ Armin Halilovic
**Armin Halilovic (P78042)**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200

Dated: April 14, 2015

**PROOF OF SERVICE**

The undersigned swears that on April 14, 2015, he served a copy of ***Plaintiff's Supplemental Brief Regarding Damages*** on the Defendants by placing said documents in an envelope addressed to:

GFI Holdings, LLC
℅ John Guzzardo
1300 Woodward Heights
Ferndale, MI 48220

and depositing the same in a United States Mail Receptacle with postage fully pre-paid thereon.

  /s/ James Tantalo
James Tantalo
**GOLD STAR LAW, P.C.**

6